(Reap. Dec. 10610)

WINTER, WOLFF & CO., INC. *v.* UNITED STATES

Entry No. 15569.

(Decided October 29, 1963)

*Stein & Shostak* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by invoice No. 2 of the entry covered by the appeal for reappraisement enumerated on the attached Schedule, attached hereto and made a part hereof, consists of round steel bar, exported from Belgium.

That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeal for reappraisement enumerated in the attached Schedule is not included on the list of articles designated by the Secretary of the Treas-

ury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was $99.00 per Metric Ton plus $16.00 per Metric Ton size extra, less F.O.B. charges of $3.325 per Metric Ton.

IT IS FURTHER STIPULATED AND AGREED that this appeal for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise, covered by invoice No. 2 of the entry covered by the appeal herein involved, and that such value was $99 per metric ton, plus $16 per metric ton size extra, less f.o.b. charges of $3.325 per metric ton.

Judgment will issue accordingly.